# EXHIBIT "1"

SHERIFF'S ENTRY OF SERVICE                SC-85-2                CLYDE CASTLEBERRY CO., COVINGTON, GA 30015

Civil Action No. _12-A-03987-10_

Date Filed _5/4/12_

| | Superior Court | ☒ | Magistrate Court | ☐ |
| State Court | ☐ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Georgia, _Gwinnett_ COUNTY

**Millar & Mixon, LLC**
Attorney's Address
**Attorneys At Law**
**108 Williamson Mill Rd.**
**Jonesboro, GA 30236**

Name and Address of Party to be Served.

_Crusher Hygiene USA Ops, Inc._
_C/o National Registered Agents_
_2675 Crestwood Place, Ste 350_
_Duluth, GA 30096_

_Anthony A. Davis_
_____ Plaintiff

VS.

_Crusher Hygiene USA Ops_
_Inc, John Thompson Co_
_Hospitality Svc, LLC_ _____ Defendant

_____ Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☒ Served the defendant _Crusher Hygiene USA Ops_ a corporation by leaving a copy of the within action and summons with _Diane Trotter (HR)_ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This ___ day of _____, 20___

_____ DEPUTY

SHERIFF DOCKET_____ PAGE _____

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

Anthony A. Davis, individually and
on behalf of all others similarly
situated,

PLAINTIFF

VS.

Swisher Hygiene USA Operations
Inc., John Thompson, and Go
Hospitality Services, LLC,

DEFENDANT

CIVIL ACTION
NUMBER: _____

12A-0398710

JURY DEMAND

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: Swisher Hygiene USA Operations, Inc

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name
and address is:

J. Stephen Mixon, Esq. - -Millar & Mixon, LLC
108 Williamson Mill Road, Jonesboro, GA 30236

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of
the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____4th_____ day of _____May_____, 20_/2_.

Richard T. Alexander, Jr.,
Clerk of Superior Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

**IN THE SUPERIOR COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

COPY

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

2012 MAY -4  PM 2:00

RICHARD ALEXANDER, CLERK

| | |
|---|---|
| ANTHONY A. DAVIS, JR.,<br>Individually And On Behalf Of All<br>Others Similarly Situated, | : <br> : <br> : |
| | : |
| Plaintiff, | : <br> : |
| | : |
| SWISHER HYGIENE USA<br>OPERATIONS, INC., JOHN<br>THOMPSON, and GO HOSPITALITY<br>SERVICES, LLC, | : <br> : <br> : <br> : |
| | : |
| Defendants. | : <br> : <br> : |

CIVIL ACTION FILE NO.

12A-0398710

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff, Anthony A. Davis, Jr., by and through his attorneys, and asserts his claims, individually and on behalf of all other current and former employees similarly situated,   under the Fair Labor Standards Act 29 U.S.C. Section 201 *et seq.* ("FLSA") for minimum wage violations, overtime compensation violations, illegal retaliation, and other relief, on the grounds set forth below:

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b).

2.

Venue is appropriate in this Court as Defendant Go Hospitality Services,

LLC's last registered agent was located in Gwinnett County, Georgia.

3.

Defendant Go Hospitality Services, LLC, is subject to the jurisdiction of this Court

4.

Venue is also appropriate in this Court as Defendant Swisher Hygiene USA Operations, Inc.'s registered agent is in Gwinnett County, Georgia.

5.

Defendant Swisher Hygiene USA Operations, Inc. is subject to the jurisdiction of this Court.

6.

Venue is also appropriate in this Court as the illegal employment activities complained of herein occurred in Gwinnett County, Georgia.

7.

Defendant John Thompson is subject to the jurisdiction of this Court.

## **PARTIES**

8.

Plaintiff Anthony A Davis, Jr., is a former employee of Defendants Go Hospitality Services, LLC, and Swisher Hygiene USA Operations, Inc., (hereinafter collectively "Defendants") operate a linen and laundry facility located in Norcross, Georgia, which serves clients in Georgia, South Carolina, and

Tennessee.

9.

Defendant Swisher Hygiene USA Operations, Inc. (hereinafter "Swisher") is a Delaware corporation and is licensed to do business in the State of Georgia. Defendant Swisher may be served with process via service on its registered agent National Registered Agents, Inc., at 3675 Crestwood Parkway, Suite 350, Duluth, Georgia 30096, if service of Process is not waived.

10.

Defendant Go Hospitality Services, LLC, (hereinafter "GHS") is a Georgia corporation and may be served with process via service on its registered agent: Jeffrey B. Hicks, 368 South Perry Street, Lawrenceville, GA 30045, if service of process is not waived.

11.

Defendant John Thompson (hereinafter "Thompson") is, upon information and belief, a Georgia resident and may be served with process via service at his place of Employment:  Swisher Hygiene, 2197 Canton Rd #207, Marietta, GA 30066, if service of process is not waived.

12.

Plaintiff brings this action on behalf of himself and all other present and former employees of Defendants who consent to the representation, pursuant to 29

3

U.S.C. § 216(b). Plaintiff's Consents to Become a Party Plaintiff in FLSA Action is incorporated herein as Exhibit "A".

13.

All Defendants are an employer within the meaning of the FLSA, 29 U.S.C. § 203(d) as they were acting directly or indirectly in the interest of GHS, Thompson, and Swisher in their interactions with Plaintiff and controlled the terms and conditions of employment of Plaintiff on a day to day basis.

## FACTUAL ALLEGATIONS COMMON TO THE CLASS

14.

This action is brought by a former employee of Defendants for violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. ("FLSA"), based upon Defendants' common policy of failing to properly compensate their for time worked, including paying minimum wages and overtime wages earned by Plaintiff, and retaliating against any employees who requested compensation as required by the FLSA.

15.

Plaintiff Davis and the class he represents were employees engaged in commerce, i.e delivering and picking up products in Georgia, South Carolina, and Tennessee, and supplying linen services across state lines for a regional linen and laundry service.

4

16.

Defendants, at all times relevant to this action, were engaged in an enterprise engaged in commerce, *i.e.* supplying and processing linens to various commercial entities in Georgia, South Carolina, and Tennessee.

17.

Defendants had gross revenues exceeding $500,000 per year in each year in which Plaintiff Davis was employed.

18.

Upon information and belief, each of the Defendants had gross revenues exceeding $500,000 per year in each of the last three years preceding the filing of this action.

19.

Plaintiff Davis was employed by Defendants from approximately June 30, 2011, until approximately March 30, 2012.

20.

The primary job duty of Plaintiff Davis was to operate a delivery vehicle for Defendants, picking up soiled linens and delivering laundered linens to customers in South Carolina and Tennessee.

21.

Plaintiffs' work period and that of the class he represents consisted of

5

between six and seven days in each calendar week; Defendant John Thompson directed the hiring and firing of employees, supervised and controlled employee work schedules and conditions of employment, determined the rate and method of payment, and was responsible for maintaining employment records for GHS and Swisher. Defendant John Thompson, Defendant GHS and Defendant Swisher worked directly and indirectly in the interest of each other in seeking to minimize payments to employees while maximizing the number of hours each week employees worked.

22.

Throughout Plaintiff's employment with Defendants, and that of the class he represent, employees routinely worked in excess of forty (40) hours per week, typically working sixty (60) to seventy (70) hours per week.

23.

Throughout Plaintiff Davis' employment with Defendants, and that of the class they represent, they were compensated for their work by being paid less than minimum wage.

24.

Defendants also compensated Plaintiff Davis and he class he represents a set amount regardless of the number of hours in excess of 40 hours per week each person worked; Defendants failed to pay overtime for hours worked in excess

of 40 hours per week at a rate of one and one-half time the usual hourly rate.

25.

Upon information and belief, Defendants did not create or maintain accurate records of the number of hours worked by employees between June 30, 2011, and December 1, 2011.

26.

Throughout Plaintiff's employment with Defendants and that of the class they represent, each worked through meal periods and performed work during these meal periods.

27.

Throughout Plaintiff's employment with Defendants and that of the class they represent, Defendants controlled the terms and conditions of their employment, including their rates of pay, hours worked and duties performed on a daily basis

28.

Throughout each Plaintiff's employment with Defendants and that of the class they represent, Defendants have paid them below the applicable minimum wage per hour for all hours worked up to forty (40) in a workweek and failed to pay them at the rate of time and half of minimum wage for all hours worked in excess of forty (40) in a workweek.

29.

Defendants have failed to meet the requirements for any of the exemptions from application of the minimum wage or overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 207 or 213.

30.

Plaintiff and the class he represents were required to be compensated at a rate of one and one half times their hourly rate of the applicable minimum wage for each hour worked in excess of forty hours in any given pay period.

31.

Defendants knew or should have known that the FLSA applied to Plaintiff and the class he represents.

32.

Upon information and belief, in failing or refusing to pay Plaintiff and the class he represents minimum wages or overtime wages as required by the FLSA, Defendants have not relied on any letter ruling from the Department of Labor indicating that Plaintiffs and the class they represent were not entitled to overtime.

33.

Defendants' conduct constitute willful violations of §§ 206 and 207 of the FLSA, entitling Plaintiff and the class he represents to all relief afforded under the FLSA, including the award of liquidated damages and reasonable costs of litigation

and attorneys' fees.

34.

On or around March 1, 2012, Plaintiff made a written request that Defendants compensate him in accordance with the FLSA.

35.

Subsequently, on or around March 8, 2012, Plaintiff was presented with four write-ups for various alleged infractions of Defendant Swisher's policies.

36.

The alleged infractions for which Plaintiff was written up were pretext for Defendants to retaliate against Plaintiff for requesting compensation as required by the FLSA; Plaintiff had not made excessive stops, had only left a cart which he was unable to load as previously instructed by his supervisor, and had observed other drivers having passengers on routes without seeking prior authorization.

37.

Specifically, Defendant John Thompson approached Plaintiff in or around mid-March, 2012, and indicated that rather than the approximately $23,000 Plaintiff had calculated to be due, Defendant John Thompson believed that only about $5,800.00 was due to Plaintiff as additional wages; subsequently Defendant John Thompson told Plaintiff that ownership of GHS had been transferred on September 12, 2011, and that Defendant John Thompson was not going to pay

9

Plaintiff any wages due.

38.

Prior to making a written request for compensation as required by the FLSA, Plaintiff had had a good working relationship with all Defendants; after the beginning of March, 2012, Plaintiff noticed that Defendants were unfriendly toward Plaintiff, began disciplining Plaintiff for reasons that other similarly situated persons were not disciplined, and began fabricating allegations of misconduct against Plaintiff.

39.

On or around March 30, 2012, Plaintiff was terminated from Swisher for allegedly having an accident in the company vehicle; however Plaintiff had not had an accident in the company vehicle.

## CLAIMS FOR RELIEF

## COUNT ONE

## VIOLATION OF 29 U.S.C. § 206 AGAINST ALL DEFENDANTS

### (Minimum Wage Violations)

40.

Paragraphs 1 through 39 are incorporated herein by this reference.

41.

Defendants' failure to pay Plaintiff and the class he represent the minimum

10

wage required by law for all work performed by each of them constitute violations of § 206 of the FLSA. Such violation is intentional and willful.

42.

Plaintiff and the class he represent are entitled to be paid at least minimum wage for all hours each worked in each work week from three years preceding the filing of this Complaint, plus an equal amount in liquidated damages, plus attorneys' fees and costs of litigation.

**COUNT TWO**

**VIOLATION OF 29 U.S.C. § 207 AGAINST ALL DEFENDANTS**
**(Overtime Violations)**

43.

Paragraphs 1 through 42 are incorporated herein by this reference.

44.

Defendants' failure to compensate Plaintiff and the class he represents for time actually worked in excess of 40 hours per week on the basis of one and one-half times the regular hourly rate of pay is a violation of § 207 and 215 of the Fair Labor Standards Act of 1938, as amended. Such violation is intentional and willful. Said violation gives rise to a claim for relief under the FLSA for Plaintiffs and each member of the class they represent for unpaid overtime compensation from three years preceding the filing of this Complaint, liquidated damages in an amount equal to the unpaid compensation, and reasonable attorneys fees and

11

expenses of litigation, pursuant to 29 U.S.C. § 216.

## COUNT THREE

### VIOLATION OF 29 U.S.C. § 215 AGAINST ALL DEFENDANTS
### (Unlawful Retaliation)

45.

Paragraphs 1 through 44 are incorporated herein by this reference.

46.

Plaintiff engaged in activity protected by the FLSA in making a written request for compensation in accordance with the FLSA.

47.

Plaintiff suffered an adverse action when his employment with Swisher was terminated.

48.

Plaintiff's engagement in protected activity by requesting payment as required by the FLSA was the true cause of his termination.

49.

Defendants Thompson, GHS, and Swisher unlawfully retaliated against Plaintiff because he engaged in protected activity by requesting payment as required by the FLSA.

**WHEREFORE,** the Plaintiffs request this Court:

(a)    Take jurisdiction of this matter;

12

(b)    Permit this case to proceed as an FLSA class action under 29 U.S.C. §216 for those employees, past or present, who opt to participate by filing proper written notice with the Court;

(c)    Issue and Order holding each Defendant to be an "employer" as that term is defined under the FLSA;

(d)    Grant a trial by jury as to all matters properly triable to a jury;

(e)    Issue a judgment declaring that Plaintiff and the class he represents were covered by the provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(f)    Award Plaintiff and each member of the class he represents payment for each hour worked up to forty hours in a workweek in the three years preceding the filing of this Complaint at the minimum wage rate required by law, plus liquidated damages equaling 100% of the minimum wages due each Plaintiff and class member, as required by the FLSA;

(g)    Award Plaintiff and each member of the class he represents payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, plus liquidated damages equaling 100% of overtime due each Plaintiff and class member, as required by the FLSA;

(h)    Award Plaintiff and each member of the class he represents prejudgment interest on all amounts owed;

(i)    Award Plaintiff and each member of the class he represents their reasonable attorney's fees and costs;

(j)    Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted, this 19th day of April, 2012.

w/express permission

J. Stephen Mixon
Georgia Bar No. 514050
Counsel for Plaintiff

MILLAR & MIXON, LLC
108 Williamson Mill Road
Jonesboro, GA 30236
(770) 955-0100    Telephone
(678) 669-2037    Facsimile

14